# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ROBERT L. WALTRIP, JR., *et al.*,

    Plaintiffs,

vs.                                                   No. CIV-03-1245 BB/WDS

ASSOCIATION OF MUTUAL PROTECTION AND
MUTUAL BENEFIT OF THE COMMUNITY OF
CERRO DE GUADALUPE, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss and Supporting Authorities (Doc. No. 14, filed December 9, 2003), Plaintiffs' Motion for Deferral of Decision on Pending Motion to Dismiss and Order Permitting Plaintiffs to Conduct Limited Discovery Pursuant to Federal Rule of Civil Procedure 56(f) and Supporting Authorities (Doc. No. 24, filed January 22, 2004), and Defendants' Objections to Order Granting/Denying In Part Motion to Stay or Postpone Discovery and Request for Stay (Doc. No. 37, filed February 17, 2004). The Court has reviewed the submissions of the parties and the relevant law. For the reasons set forth below, Defendants' Motion to Dismiss and Supporting Authorities (Doc. No. 14, filed December 9, 2003) shall be GRANTED in part and DENIED in part, Plaintiffs' Motion for Deferral of Decision on Pending Motion to Dismiss and Order Permitting Plaintiffs to Conduct Limited Discovery Pursuant to Federal Rule of Civil Procedure 56(f) and Supporting Authorities (Doc. No. 24, filed January 22, 2004) shall be DENIED, and Defendants' Objections to Order Granting/Denying In Part Motion to Stay or Postpone Discovery and Request for Stay (Doc. No. 37, filed February 17, 2004), shall be overruled.

**Legal Standard**

A 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his or her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Factual disputes over the validity of Plaintiffs' water rights will not be resolved on a motion to dismiss. *See Sanner v. Chicago Bd. of Trade*, 62 F.3d 918, 925 (7th Cir. 1995)(in presenting its 12(b)(6) challenge, defendant cannot attempt to refute the complaint or present a different set of allegations).

**Property Interest for Purposes of 42 U.S.C. 1983**

Defendants claim that Plaintiffs do not have a property interest for purposes of 42 U.S.C.A. § 1983 (West 2003). Specifically, Defendants argue that Plaintiffs do not have property interests in the Cerro Ditch nor in the Martinez water rights acquired by Plaintiffs in 1979. *See Olson v. H & B Properties, Inc.*, 882 P.2d 536, 539 (N.M. 1994)(New Mexico case law is clear that ditch rights and water rights are distinct, are derived from different sources, and are governed by different laws).

Defendants cite New Mexico's ditch ownership statute as the basis for their claim that Plaintiffs have no property interest in Cerro Ditch. "All acequias . . . shall be the property of the persons who may have completed such acequias or ditches, and no person . . . shall be allowed [to use the waters of such ditch] without the consent of a majority of the owners of such acequias or ditches, and upon payment of a share proportionate to the primary cost of such acequia or ditch to

2

the amount of the land proposed to be irrigated, or the quantity of water proposed to be used." N.M. STAT. ANN. §73-2-7 (Michie2001). Defendants also claim that Plaintiffs, by virtue of transferring the water rights to Tres Ritos Ranch, are new land owners that have not obtained consent of the current ditch owners. *See Olson v. H & B Properties, Inc.*, 882 P.2d 536, 540 (N.M. 1994)(statute applies to newcomers to the community ditch, those who did not acquire ditch ownership by contributing to the ditch's construction or by inheriting such an interest through a predecessor in title). Defendants argue Plaintiffs have no right to use the Cerro Ditch and, consequently, no property interest for the purposes of 42 U.S.C. §1983. Based on the present record, the Court disagrees.

Plaintiffs allege the following facts in the Complaint. In 1979, Plaintiffs purchased land and appurtenant, adjudicated water rights in the Cerro Ditch (the "Martinez land and water rights"). (Compl. ¶¶ 32, 34). By purchasing the Martinez land and water rights, Plaintiffs became a member of Cerro Ditch. (Compl. ¶ 38). Plaintiffs also purchased the Tres Ritos Ranch in 1979. (Compl. ¶ 29). The main canal of the Cerro Ditch runs through the Tres Ritos Ranch. (Compl. ¶ 30). In 1980, the State Engineer granted Plaintiffs' application to change the place of use of the Martinez water rights from the Martinez land to Tres Ritos Ranch. (Compl. ¶ 43). Plaintiffs retained their membership in the Cerro Ditch after the State Engineer granted the permits that allowed Plaintiffs to use the Martinez rights on Tres Ritos Ranch. (Compl. ¶ 47).

There are at least two potential property interests in a ditch: (1) a fee ownership interest; and (2) an easement interest. *Olson v. H & B Properties, Inc.*, 882 P.2d 536, 539 (N.M. 1994)(right of way for water flow through the ditch, as distinguished from ownership of the ditch structure itself, is an easement). Viewing the facts alleged in the Complaint in the light most favorable to the nonmovant, Plaintiffs, by purchasing the Martinez land and appurtenant water rights, acquired both

3

an ownership interest and an easement interest in Cerro Ditch. When once acquired, an easement, or right-of-way, is a property right, and the subject of sale and transfer the same as any other species of real property. *See Murphy v. Kerr*, 296 F. 536, 544 (D.N.M. 1923)(quoting Kinney, Irrigation and Water Rights, 2d ed. vol. 2, Sec.1003). Plaintiffs are entitled to offer evidence to support their claim that they have a property interest in Cerro Ditch.

Defendants also state that Plaintiffs do not have a property interest in the Martinez water rights because Plaintiffs abandoned those rights through nonuse, because the State Engineer did not have jurisdiction to act on Plaintiffs' 1980 application to change place of use and subsequent applications for extensions of time to put water to beneficial use, and because Plaintiffs' publication in the *Albuquerque Journal* of notice of their application to change place of use did not provide Cerro Ditch with sufficient notice and thereby deprived Cerro Ditch of its opportunity to be heard. (Mot. at 12-15). The Court will not resolve these factual issues at this time.

**Equal Protection**

Giving the Complaint the favorable consideration required by *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), the Court will not dismiss Plaintiffs' equal protection claim. Plaintiffs alleged that Cerro Ditch adopted an invalid bylaw to force Plaintiffs to stop using the ditch, (Compl. ¶ 55-60); that Cerro Ditch has never used the invalid bylaw to revoke the membership of any other members of Cerro Ditch or to prevent any other member of Cerro Ditch from using his water rights, (Compl. ¶ 61); that Defendants prosecuted Plaintiffs, by issuing unlawful citations and filing false complaints, to force them to cease using the ditch, (Compl. ¶¶ 70-71, 74-75, 77-78 ); and that the change in place of use of Plaintiffs' water rights would not be detrimental to other Cerro Ditch users, (Compl. ¶ 44). Plaintiffs may or may not be able to prove such a case, but the Court is persuaded that the Complaint

states an equal protection claim which should not be dismissed. *See Esmail v. Macrane*, 53 F.3d 176, 180 (7th Cir. 1995)("What [the equal protection clause] does require, and what [plaintiff] may or may not be able to prove, is that the action taken by the state, whether in the form of prosecution or otherwise, was a spiteful effort to 'get' him for reasons wholly unrelated to any legitimate state objective"); *see also Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)(Supreme Court has recognized successful equal protection claims brought by a "class of one," where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment); *Bartell v. Aurora Pub. Schools*, 263 F.3d 1143, 1149 (10th Cir. 2001)(equal protection clause protects an individual injured by intentional or purposeful discrimination).

Plaintiffs have sufficiently alleged that Defendants acted with the discriminatory purpose of preventing Plaintiffs from using their water rights. *See Welsh v. City of Tulsa*, 977 F.2d 1415, 1420 (10th Cir. 1992)("discriminatory purpose" implies that a decisionmaker selected a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group). In 1979, when Cerro Ditch learned that Plaintiffs intended to transfer its water rights to Tres Ritos Ranch, Cerro Ditch advised Plaintiffs that Cerro Ditch would cancel Plaintiffs membership in Cerro Ditch if Plaintiffs transferred their water rights to Tres Ritos Ditch. (Compl. ¶ 39). After the State Engineer granted Plaintiffs' application to transfer their water rights to Tres Ritos Ranch, Cerro Ditch allegedly adopted Bylaw No. 5.01 to cancel Plaintiffs' membership in, and to prevent Plaintiffs from diverting their permitted water rights from, Cerro Ditch. (Compl. ¶¶ 43, 55, 58).

Plaintiffs have also alleged that there is no rational basis for Defendants treating Plaintiffs differently than the other members of Cerro Ditch. *See Zeigler v. Jackson*, 638 F.2d 776, 779 (5th

5

Cir. 1981)(equal protection clause does not require that all persons be treated identically; however, if distinctions between similarly situated individuals are to withstand an equal protection analysis, such distinctions must be reasonable, not arbitrary, and must rest on grounds having a fair and substantial relation to the object of the legislation). In granting the permits, the State Engineer necessarily determined that the change in place of use of the water rights to Tres Ritos Ranch would not be detrimental to other Cerro Ditch water users. (Compl. ¶ 39). Defendants argue that there is a rational basis for denying Plaintiffs membership in and use of Cerro Ditch, that basis being Plaintiffs' use of water on Tres Ritos Ranch adversely affects the other Ditch members. (Mot. at 11). However, the court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a basic notice claim on which relief may be granted. *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

**Eleventh Amendment Immunity**

Defendants claim the Cerro Ditch, by virtue of being a political subdivision of the State, is immune from suit pursuant to the Eleventh Amendment of the United States Constitution. *See* NMSA 73-2-28 (Michie 2001)("Acequia and community ditch associations are political subdivisions of [the State of New Mexico]"); *Daddow v. Carlsbad Mun. School Dist.*, 120 N.M. 97, 103, 898 P.2d 1235, 1241 (1995)(In New Mexico, "state" is defined for purposes of governmental immunity as "the state of New Mexico or any of its branches, agencies, departments, boards, instrumentalities or institutions," while a ""local public body" is defined as "all political subdivisions of the state and their agencies, instrumentalities and institutions"); *Sturdevant v. Paulsen*, 218 F.3d 1160,1170 (10th Cir. 2000)(a fundamental characteristic of a political subdivision is political control by some

6

community other than the state as a whole). The Eleventh Amendment immunity that protects the state and arms of the state from suits does not extend to political subdivisions of the state in law or equity. *Elam Constr., Inc. v. Regional Transportation Dist.*, 129 F.3d 1343, 1345 (10th Cir. 1997). Defendant Cerro Ditch is a political subdivision of the State of New Mexico and is not entitled to Eleventh Amendment immunity.

**Policy or Custom for Municipal Liability**

To establish municipal liability under 42 U.S.C. § 1983, a plaintiff must show (1) the existence of a municipal policy or custom, and (2) a direct causal link between the policy or custom and the violation alleged. *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993), *citing City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Defendants erroneously claim that Plaintiffs have failed to allege the particular policy or custom that caused the alleged constitutional violation. (Mot. at 19). Plaintiffs clearly allege that Cerro Ditch adopted Bylaw 5.01 to revoke Plaintiffs' membership in the Ditch and to prevent Plaintiffs from using their water rights. (Compl. ¶¶ 55-61); *see Bryan County Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 404 (plaintiff must demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged); *Lankford v. City of Hobart*, 73 F.3d 283, 287 (10th Cir. 1996)(in order to warrant liability, a municipal policy must be a policy statement, ordinance, regulation, or decision officially adopted and promulgated by a municipality's officers). Defendants also claim that Plaintiffs cannot show that Bylaw 5.01, and Defendants' actions based on it, are improper or unconstitutional because Bylaw 5.01 meets the rational basis test and was fairly applied. (Reply at 15). Whether Bylaw 5.01 meets the rational basis test and was fairly applied involves factual issues that will not be resolved on a motion to dismiss. *See Sanner v. Chicago Bd. of Trade*, 62 F.3d 918, 925 (7th Cir. 1995)(in presenting its 12(b)(6)

7

challenge, defendant cannot attempt to refute the complaint or present a different set of allegations); *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)(it is not the court's function on a Rule 12(b)(6) motion to weigh potential evidence that the parties might present at trial).

**Absolute Immunity for Individual Defendants**

Defendants claim they are entitled to absolute immunity on the grounds that mayordomos perform functions analogous to those of a prosecutor. *See Scott v. Hern*, 216 F.3d 897, 908 (10th Cir. 2000)(state attorneys and agency officials who perform functions analogous to those of a prosecutor in initiating and pursuing civil and administrative enforcement proceedings are absolutely immune from suit under section 1983 concerning activities intimately associated with the judicial process); N.M. STAT. ANN. § 73-2-64 (Michie 2001)("it is hereby made the duty of the mayordomo or other person in charge of such ditch or acequia to prosecute in the name of the state of New Mexico any violation of [the Ditches and Acequias Act] . . . and his failure so to do shall be a misdemeanor . . . .").

Absolute immunity is recognized only sparingly, and officials seeking absolute immunity bear the burden of showing that such immunity is justified for the function in question. *Burns v. Reed*, 500 U.S. 478, 486-487 (1991). The court must consider the following factors, characteristic of the judicial process, in determining whether to grant absolute immunity: (a) the need to assure that the individual can perform his functions without harassment or intimidation; (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal. *Moore v. Gunnison Valley Hosp.*, 310 F.3d 1315, 1317 (10th Cir. 2002)(citing *Cleavinger v. Saxner*, 474 U.S. 193, 202 (1985)).

8

To support their claim of absolute immunity, Defendants cite only five of the 58 factual allegations in Plaintiffs' Complaint. Three of those allegations complain about Defendants filing criminal complaints with false allegations. (*See* Compl. ¶¶ 70 71 and 75). The other two complain about illegal citations issued by the mayordomo. (*See* Compl. ¶¶ 74 and 77). While the filing of criminal complaints may entitle certain of the Defendants to the defense of absolute immunity for those acts, issuing citations and other acts described in the remaining factual allegations may not be intimately associated with the judicial process. *See Malley v. Briggs,* 475 U.S. 335, 340 (1986)(for executive officers, qualified, not absolute, immunity represents the norm). Defendants have not met their burden of showing that absolute immunity is justified for the conduct described in the factual allegations. *See Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 592 (10th Cir. 1994)(given the sparing recognition of absolute immunity by both the Supreme Court and the Tenth Circuit, one claiming such immunity must demonstrate clear entitlement). Therefore, the Court will not grant Defendants absolute immunity at this time. Defendants will be allowed to develop any further showing possible on their defense of absolute immunity. Defendants are instructed to make any such further showing specific as to which Defendants and for which acts they seek absolute immunity.

**Qualified Immunity for Individual Defendants**

In evaluating Defendants' claims of qualified immunity, the Court must first determine whether Plaintiffs' allegations, if true, establish a constitutional violation. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). If a violation could be made out on a favorable view of Plaintiffs' allegations, the Court then decides whether that right was clearly established such that a reasonable person in Defendants' position would have known that his conduct violated that right. *See Id. at* 201-202;

*Currier v. Doran*, 242 F.3d 905, 923 (10th Cir. 2001). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Currier v. Doran*, 242 F.3d 905, 923 (10th Cir. 2001).

Plaintiffs allege that they own property interests in the form of a ditch easement and water rights, that Defendants deprived Plaintiffs of the use of their property interests by enacting Bylaw 5.01, revoking Plaintiffs' membership in the Cerro Ditch, and prohibiting Plaintiffs from using Cerro Ditch, that adopting Bylaw 5.01 serves no legitimate government interest because changing Plaintiffs' place of use of its water will not adversely affect other Ditch members, and that Bylaw 5.01 was adopted to discriminate against Plaintiffs. New Mexico law clearly establishes that ditch easements and water rights are property rights. *See Olson v. H & B Properties, Inc.*, 882 P.2d 536, 539 (N.M. 1994); *New Mexico Prods. Co. v. New Mexico Power* Co., 77 P.2d 634, 641 (N.M. 1937); *Murphy v. Kerr*, 296 F. 536, 544 (D.N.M. 1923). Reasonable officials of acequias and community ditch associations would know that adopting and enforcing a bylaw that serves no legitimate government interest for the sole purpose of preventing Plaintiffs, but not other ditch members, from using its ditch and water rights should be a violation of Plaintiffs' constitutional rights. *See Seamons v. Snow*, 84 F.3d 1226, 1238 (10th Cir. 1996)(A reasonably competent public official should know the law governing his conduct); U.S. Const. amend. XIV, § 1 (no state shall deprive any person of life, liberty, or property without due process of law; nor deny to any person the equal protection of the law).

Because Plaintiffs have alleged a clearly established right of which a reasonable person should have known, and given the absence of a factual record on this Rule 12(b)(6) motion to dismiss, it is

premature to grant qualified immunity. *See Seamons v. Snow*, 84 F.3d 1226, 1238-39 (10th Cir. 1996)(reversing dismissal under Rule 12(b)(6) on qualified immunity grounds because the complaint, and all inferences in favor of plaintiff, established a claim that defendants violated clearly established law); 2 James Wm. Moore, *Moore's Federal Practice,* § 12.34[4][b] & n. 56 (3d ed. 2003)(stating that dismissal for failure to state a claim on qualified immunity grounds is generally inappropriate because qualified immunity defense requires a factual review); *Grimm v. Borough of Norristown*, 226 F.Supp.2d 606, 649-51 (E.D. Pa. 2002)(for purposes of determining whether officials were entitled to qualified immunity in § 1983 claim, owners of rental properties had clearly established substantive due process right to use and enjoyment of their property without arbitrary and capricious interference by borough officials). However, this does not foreclose Defendants from reasserting their entitlement to qualified immunity on a motion for summary judgment. *See Seamons v. Snow*, 84 F.3d 1226, 1238 (10th Cir. 1996); *see also Vaughn v. Ruoff*, 253 F.3d 1124, 1128 (8th Cir. 2001)(a public official can avoid a denial of qualified immunity only if she meets her burden of establishing undisputed and material predicate facts which demonstrate that her actions were reasonable under the circumstances).

**Takings**

Defendants state that Plaintiffs failed to state a takings claim because "Plaintiffs have not shown, nor can they show, that they have been deprived of all or substantially all beneficial use of their water rights, and they have not shown, nor can they show, that they have suffered some compensable injury not suffered by the public in general." (Mot. at 22). Again, the Court's function in reviewing the sufficiency of a complaint is not to weigh potential evidence that the parties might present at trial or to determine whether the plaintiff will ultimately prevail, but instead to decide whether the plaintiff is entitled to offer evidence to support his or her claim. *Scheuer v. Rhodes*, 416

U.S. 232, 236 (1974); *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Plaintiffs' Complaint states a regulatory takings claim by alleging that Bylaw 5.01 deprives Plaintiffs of all beneficial use of their ditch easement and water rights and serves no legitimate purpose because the change in place of use of Plaintiffs' water right would not adversely affect other ditch members. A regulation goes too far so as to effect a regulatory taking if (1) it deprives an individual of all economically beneficial use of his or her property; or (2) it does not substantially advance legitimate state interests. *Clajon Prod. Co. v. Petera*, 70 F.3d 1566, 1576 (10th Cir. 1995).

Defendants also state that Plaintiffs' takings claim is not ripe for adjudication because Plaintiffs have not utilized New Mexico's inverse condemnation procedure to obtain compensation. *See Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195 (1985)(if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Takings Clause until it has used the procedure and been denied just compensation); *Bateman v. City of West Bountiful*, 89 F.3d 704, 706 (10th Cir. 1996)(plaintiff's failure to seek review of city's action under the procedures authorized by state law renders his takings claim unripe). New Mexico's inverse condemnation procedure provides that a governmental entity authorized to exercise the right of eminent domain who has taken any property for public use without making just compensation is liable to the condemnee. N.M. STAT. ANN. § 42A-1-29 (Michie 1994). Defendant Cerro Ditch "may exercise the right of eminent domain, to take and acquire *property* [and] right-of-way [rights-of-way] for the construction, maintenance and operation of . . . ditches . . . for the storage or conveyance of water for beneficial uses." *See* N.M. STAT. ANN. § 72-1-5 (Michie 1997)(*emphasis added*).

12

Although New Mexico's eminent domain statutes define "property" as real or personal property under the law of New Mexico, N.M. STAT. ANN. § 42A-1-2, the term "property," as used in N.M. STAT. ANN. § 72-1-5 (authorization to exercise right of eminent domain for ditches), does not include water rights. *See* N.M. STAT. ANN. § 73-2-22.1 (giving ditch associations power to acquire, hold, transfer and use "property *and* water rights")(emphasis added); *Duncan v. Walker,* 533 U.S. 167, 174 (2001)(it is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant). While New Mexico's water statutes do not define "property," case law establishes that a water right is real property. *See New Mexico Prods. Co. v. New Mexico Power* Co., 77 P.2d 634, 641 (N.M. 1937). However, construing the term "property" in N.M. STAT. ANN. § 72-1-5 to include water rights would lead to the impracticable result that the United States, the State of New Mexico or any person, firm, association or corporation desiring to obtain water for beneficial use could avoid New Mexico's statutory framework for acquiring water rights by invoking a taking under § 72-1-5. Accordingly, New Mexico's inverse condemnation procedure is not available to Plaintiffs because Defendant Cerro Ditch's authorization to exercise the right of eminent domain does not extend to water rights. And, therefore, Plaintiffs' takings claim is ripe for review. *See Clajon Prod. Corp. v. Petera*, 70 F.3d 1566, 1575(10th Cir. 1995)(because Wyoming Game and Fish Commission lacks the power of eminent domain, and thus, is not subject to Wyoming's inverse condemnation procedure, Plaintiffs' takings claim is ripe for review).

**State Law Claims**

Defendants move the Court to dismiss Plaintiffs' state law claims on the grounds that 1) Plaintiffs have no interest in or right to use Cerro Ditch, 2) with respect to the trespass claim,

13

Defendants have an easement over Plaintiffs' property, 3) New Mexico law excludes community ditches from the waiver of liability contained in New Mexico's Tort Claims Act, N.M. STAT. ANN. § 41-4-13 (Michie 2003), and Plaintiffs failed to provide the notice required under the Tort Claims Act, and, 4) there is no diversity jurisdiction because Plaintiffs have not demonstrated that the amount in controversy exceeds $75,000. As discussed earlier in this opinion, Plaintiffs are entitled to offer evidence to support their claim that they have a right to use Cerro Ditch. Plaintiffs have alleged that some of the Defendants trespassed on Plaintiffs' property outside of Cerro Ditch's easement. (Compl. ¶¶ 70-71). Whether Defendants were acting within the scope of duty when they committed the alleged torts and whether Plaintiffs provided the notice required under the New Mexico Tort Claims Act are factual issues that will not be resolved on a motion to dismiss. The Complaint alleges that Defendants are depriving Plaintiffs use of their water rights which have a market value of approximately $160,500. (Compl. ¶ 83); *see also Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001)(citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938))(when a case is originally brought in federal court, plaintiff's claimed amount is presumed to support diversity jurisdiction). In any event, the Court already has federal question jurisdiction and exercise of supplemental jurisdiction is appropriate here. *See* 28 U.S.C. §§ 1331 and 1367 (West 2004). Therefore, that portion of Defendants' motion seeking dismissal of Plaintiffs' state law claims will be denied.

**Declaratory and Injunctive Relief, and Punitive Damages**

Defendants seek dismissal of Plaintiffs' claims for declaratory and injunctive relief stating only that Plaintiffs cannot establish their entitlement to declaratory or injunctive relief. (Mot. at 24-25). Defendants have not met their burden of showing beyond doubt that no claim has been stated. *See*

*Kehr Packages Inc. v. Fidelcor Inc.*, 926 F.2d 1406, 1409 (3rd Cir. 1991)(under Rule 12(b)(6) the defendant has the burden of showing no claim has been stated); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)(12(b)(6) motion should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief). Therefore, that portion of Defendants' Motion seeking dismissal of Plaintiffs' claims for declaratory and injunctive relief will be denied.

Defendants' request to dismiss the punitive damages claims will be granted as to Defendant Cerro Ditch but will be denied as to the individual Defendants. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981)(municipality is immune from punitive damages under 42 U.S.C. § 1983); *Vinyard v. King*, 728 F.2d 428, 433 (10th Cir. 1984)(although punitive damages will not lie against a municipal organization itself, they will lie against a municipal official); *Torrance County Mental Health Program, Inc. v. New Mexico Health and Environment Dep't*, 830 P.2d 145, 152-53 (N.M. 1992)(New Mexico law does not permit an award of punitive damages against a governmental entity).

**Related Motion and Objection**

Plaintiffs' Motion for Deferral of Decision on Pending Motion to Dismiss and Order Permitting Plaintiffs to Conduct Limited Discovery Pursuant to Federal Rule of Civil Procedure 56(f) and Supporting Authorities (Doc. No. 24, filed January 22, 2004) is denied as moot.

Judge Schneider entered an order, (Doc. No. 32, filed January 30, 2004), staying discovery as to all individual Defendants until the issue of whether they are entitled to immunity is decided but allowing paper discovery to go forward as to the Cerro Ditch Association which, as a political subdivision, is not entitled to immunity. Defendants filed Objections, (Doc. No. 37, filed February

17, 2004), to Judge Schneider's Order and requested a stay of all discovery until the Court decides Defendants' Motion to Dismiss. Judge Schneider's Order was not an abuse of discretion. *See Ariza v. U.S. West Communications, Inc.*, 167 F.R.D. 131 (D. Colo 1996). Defendants' Objections to Order Granting/Denying In Part Motion to Stay or Postpone Discovery and Request for Stay (Doc. No. 37, filed February 17, 2004) are overruled.

**IT IS SO ORDERED.**

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE