## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ROBERT L. WALTRIP, JR., *et al.*,

       Plaintiffs,

vs.                                                                  No. CIV-03-1245 BB/WDS

ASSOCIATION OF MUTUAL PROTECTION AND
MUTUAL BENEFIT OF THE COMMUNITY OF
CERRO DE GUADALUPE, *et al.*,

       Defendants.


## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Defendants' Motion For, and Argument in Support of, Summary Judgment – *Res Judicata* (Doc. No. 98, filed November 10, 2004).  The Court has reviewed the submissions of the parties and the relevant law.  For the reasons set forth below, the Court shall **DENY** Defendants' Motion for Summary Judgment - *Res Judicata*.

**Waiver of the *Res Judicata* Affirmative Defense**

Plaintiffs ask the Court to deny Defendants' Motion because Defendants failed to raise *res judicata* as an affirmative defense in their Answer and their Rule 12(b)(6) Motion to Dismiss.  (Resp. at 1-2).  *Res judicata* is an affirmative defense subject to waiver under FED. R. CIV. P. 8(c).  *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 479 (10th Cir. 2002); FED. R. CIV. P. 8(c) ("In pleading to a preceding pleading, a party *shall* set forth affirmatively . . . res judicata . . .and any other matter constituting an avoidance or affirmative defense") (*emphasis added*).  It would be premature for the Court to rule at this time on whether Defendants waived *res judicata* as an affirmative defense because Defendant's Motion for Leave to Amend Answer is still pending.  (*See* Doc. No. 122, filed January 3, 2005).

**Res Judicata**

Defendants assert that Plaintiffs' claims in this case are precluded by the Final Judgment and Decree entered on December 1, 2000, by this Court in the Red River water rights adjudication *New Mexico v. Molybdenum Corp. of America* (D.N.M., Civ. No. 72-9780) ("*Molycorp*"). (Mot. at 1-2). Defendants argue that the doctrine of *res judicata* precludes Plaintiffs from seeking a declaration by this Court that the substantive elements of their water rights differ from those described and adjudicated by the *Molycorp* decree.  According to Defendants, Plaintiffs have no right to divert water as Plaintiffs claim, and have no property interest to form the basis of Plaintiffs' civil rights complaint brought pursuant to 42 U.S.C. § 1983.

Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Satsky v. Paramount Comm. Inc.*, 7 F.3d 1464, 1467 (10th Cir. 1993).  One of the main policy considerations underlying *res judicata* is the interest in bring litigation to an end.  *Nwosun v. General Mills Restaurants*, 124 F.3d 1255, 1258 (10th Cir. 1997). *Res judicata* requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit.  *Id*. at 1257.

Defendants cannot satisfy the third element which requires that the suits be based on the same cause of action.  The Tenth Circuit has adopted the transactional approach of the *Restatement (Second) of Judgments* to determine what constitutes a single "cause of action."  *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1335 (10th Cir. 1988).  Under the

2

transactional approach, the Court considers whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. *Id*. The first suit, *Molycorp*, was a water rights adjudication, the purpose of which was to determine the rights of each claimant to use water in the Red River stream system. *See* N.M. STAT. ANN. §§ 72-4-15 through 72-4-19. This suit is a civil rights case, brought pursuant to 42 U.S.C. § 1983, in which Plaintiffs assert claims, arising, as discussed below, from conduct occurring after the final judgment was entered in *Molycorp*, for due process and equal protection violations, unlawful takings, various state causes of action, and injunctive relief. (Complaint). The Court finds that the two lawsuits are not related in time, origin or motivation, and do not form a convenient trial unit, and concludes that the two suits are not based on the same cause of action.

Nor can Defendants satisfy the fourth element which requires that Plaintiffs must have had a full and fair opportunity to litigate their claims in *Molycorp*. *Molycorp* was filed on November 2, 1972. (Mot. at 2). In 1976, This Court entered default judgments adjudicating the water rights at issue in this case ("the Martinez rights"). (Mot. at 3). In November, 1979, Plaintiffs purchased the Martinez rights. (Complaint ¶ 34). On May 23, 1980, this Court entered a Partial Final Decree which included the Martinez rights. (Mot. at 4). Many of the acts Plaintiffs complain of occurred between 1980 and 2003. (Complaint). Plaintiffs could not have had a full and fair opportunity to litigate their civil rights claims in *Molycorp* because many of their claims are based on conduct that occurred after the Partial Final Decree was entered in *Molycorp*. *See Mitchell v. City of Moore*, 218 F.3d 1190, 1202-1202 (10th Cir. 2000) (*res judicata* does not bar a second lawsuit to the extent that suit is based on acts occurring after the first suit was filed).

3

Therefore, *res judicata* does not preclude Plaintiffs from litigating this lawsuit.  Accordingly, the Court will not dismiss this case and will deny Defendants' Motion for Summary Judgment based on *res judicata*.

**IT IS SO ORDERED.**

**BRUCE D. BLACK**
**UNITED STATES DISTRICT JUDGE**