IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT L. WALTRIP, JR., *et al.*,

      Plaintiffs,

vs.  No. CIV-03-1245 BB/WDS

ASSOCIATION OF MUTUAL PROTECTION AND
MUTUAL BENEFIT OF THE COMMUNITY OF
CERRO DE GUADALUPE, *et al.*,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion For Leave to Amend Answer (Doc. No. 122, filed January 3, 2005). The Court has reviewed the submissions of the parties and the relevant law. For the reasons set forth below, the Court shall **DENY** Defendants' Motion.

Defendants propose amendments to approximately 40 of their previous admissions and denials of Plaintiffs' 141 averments. (Reply at 1). Defendants would amend their Answer in the following significant ways: (1) to add the fact that Defendant "Association of Mutual Protection and Mutual Benefit of the Town of Cerro" ("Association") was dissolved by the State Corporation Commission in January 1995 and allege, therefore, that the Association is not a proper party to this suit; (2) to add the affirmative defense of *res judicata*;[1] (3) to add the affirmative defense that Plaintiffs abandoned their water rights; and, (4) to add the affirmative defense that Plaintiffs failed to mitigate their damages. (Resp. at 1).

---

[1] The Court has previously denied Defendants' Motion for Summary Judgment based upon *res judicata*. (*See* Memorandum Opinion and Order, Docket No. 159, filed February 1, 2005).

Federal Rule of Civil Procedure 15(a) requires leave to amend generally be freely given. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, while liberality in allowing amendments is important to assure a party a fair opportunity to present his claims and defenses, equal attention should be given to the proposition that there must be an end to all litigation. *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (plaintiff's second motion for leave to amend denied when it was not based on new evidence unavailable at the time of the original filing and instead proposed a new theory after primary theory had been dismissed).

Defendants filed their Motion to Amend Answer 13 months after the filing of the original answer, approximately three months after the deadline for amending pleadings, one month after the close of discovery, and four months before the trial date. (*See* Provisional Discovery Plan, Docket No. 22, filed January 13, 2004; Revised Initial Pretrial Report, Docket No. 73, filed June 3, 2004). The Court finds Defendants' Motion to Amend Answer is untimely. *See McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998) (undue delay where motion to amend complaint filed one year after date of initial complaint); *Frank v. U.S. West*, 3 F.3d 1357, 1365 (10th Cir. 1993) (motion to supplement amended complaint untimely when filed four and a half months after the court's deadline for amending pleadings); *Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (motion to amend complaint untimely when filed a year and a half after the complaint was filed and only a few months before the case was scheduled for trial).

Defendants seek to amend their answer "based on information received and evidence developed during the discovery process." (Mot. at 2). Defendants suggest that they only recently became aware that Defendant Association had been dissolved and, therefore, is not a proper party to this litigation. (Reply at 4-5). This could easily have been discovered before the pleading deadline.

With respect to the abandonment and failure to mitigate defenses, Defendants cite Plaintiff Waltrip's deposition in which he refers to his decision in 1984 to "regroup and just wait . . . and to put the ball in Defendants' court." (Reply at 6). The other "new" information or evidence cited by Defendants should also have been known to Defendants much earlier. (*See* Reply at 6). Again, where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based, but fails to include them in the original pleading, the motion to amend may be properly denied. *Las Vegas Ice and Cold Storage*, 893 F.2d at 1185.

The Court finds Defendants' explanation for the delay in moving to amend inadequate. *See Frank v. U.S. West*, 3 F.3d 1357, 1365 (10th Cir. 1993) (in the Tenth Circuit, untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay). The Federal Rules of Civil Procedure do not require a defendant to set out in detail the facts upon which he bases his defense. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957). To the contrary, all the Rules require is a short and plain statement of the party's defenses. FED. R. CIV. P. 8(b). The liberalized pleading rules therefore allow the parties to plead their basic theories before they ascertain and refine all the facts on which they intend to build their case. *Evans v. McDonald's Corp.*, 936 F.2d 1087 1091 (10th Cir. 1991) (purpose of fact pleading, as provided by Fed. R. Civ. P. 8(a)(2), is to give fair notice of the claims without requiring every legal theory or fact developed in detail before and the parties have opportunity for discovery); *Taylor v. Reo Motors*, 275 F.2d 699, 704 (10th Cir. 1960) (purpose of requirement under Rule 8(c) that a party must affirmatively plead defenses is to give fair notice in order to avoid surprise). This negates any necessity to wait until discovery is complete before seeking the right to amend foundational pleadings.

Finally, granting Defendants leave to amend their answer at this point in the case would be prejudicial to Plaintiffs because the termination date for discovery has passed. *See Las Vegas Ice and Cold Storage*, 893 F.2d at 1185; *Hom v. Squire*, 81 F.3d 969 (10th Cir. 1996).

Because Defendants' motion is untimely, and Defendants have not offered an adequate explanation for the delay, and because granting leave to amend after the close of discovery would prejudice Plaintiffs, the Court will deny Defendants' Motion for Leave to Amend Answer.

**IT IS SO ORDERED.**

*/s/ Bruce D. Black*
**BRUCE D. BLACK**
**UNITED STATES DISTRICT JUDGE**