IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT L. WALTRIP, JR., *et al.*,

      Plaintiffs,

vs.                                                                                                                                           No. CIV-03-1245 BB/WDS

ASSOCIATION OF MUTUAL PROTECTION AND
MUTUAL BENEFIT OF THE COMMUNITY OF
CERRO DE GUADALUPE, *et al.*,

      Defendants.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on Plaintiffs' Motion to Strike Defendants' Untimely Rule 26 Expert Witness Disclosure and Report of Sylvia Rodriguez, Ph.D., Request for Sanctions, and Argument in Support Thereof (Doc. No. 152, filed January 27, 2005). The Court has reviewed the submissions of the parties and the relevant law. For the reasons set forth below, the Court shall **GRANT** Plaintiffs' Motion.

      Plaintiffs move the Court to strike the report of Defendants' expert, Sylvia Rodriguez, Ph.D., and to preclude Dr. Rodriguez from offering any testimony in this case because of Defendants' untimely expert disclosure. FED. R. CIV. P. 26(a)(2) requires that disclosure of expert testimony be made at the times and in the sequence directed by the Court. The Revised Initial Pretrial Report required Defendants to identify in writing any expert witness to be used at trial and to provide expert reports pursuant to FED. R. CIV. P. 26(a)(2)(B) no later than September 12, 2004. (Doc. No. 73, filed June 3, 2004). Pursuant to Defendants' request, Plaintiffs agreed to extend that deadline to September 17, 2004. (Mot. at 2.) Defendants disclosed Dr. Rodriguez as an expert witness in January 2005, approximately four months after the expert disclosure deadline and more than a month after the close of discovery. As importantly, the disclosure was ten days after the deadline for dispositive motions. Allowing Dr. Rodriguez to testify as an expert in this case will prejudice Plaintiffs because they were unable to depose Dr. Rodriguez during the discovery period and prepared

dispositive motions on a record which did not include her opinions. Reopening discovery would delay the ultimate determination of this case and would increase the costs of litigation. Therefore, the Court will grant that portion of Plaintiffs' Motion which seeks to strike Dr. Rodriguez' report and preclude her testimony. FED. R. CIV. P. 1; *Colony Nyro Partners, L.P. v. Waterside Dev. Corp.*, 840 F. Supp 15, 18 (S.D. N.Y. 1993) (rules must be interpreted to provide just, speedy and inexpensive determination of every action).

Defendants argue that they timely disclosed Dr. Rodriguez' report because they forwarded her report to Plaintiffs "'at least 90 days before the trial date or the date the case is to be ready for trial,' as provided in Rule 26(a)(2)(C)." (Resp. at 3). The 90-days-before-trial deadline applies "in the absence of other directions from the court." *See* Fed. R. Civ. P. 26(a)(2)(C). In this case, the Court established an expert disclosure deadline for Defendants of September 12, 2004.

Defendants also suggest that the September 2004 deadline did not apply to Dr. Rodriguez because their September 17 expert disclosure reserved the right to disclose additional experts to offer testimony in response to matters discovered or developed after the September 2004 disclosure deadline. (Resp. at 2-3). Such reservation is without force because it would modify the Court's deadlines without the requisite Court approval. *See* D.N.M.LR-Civ.16.1.

The Court, on motion and after affording an opportunity to be heard, may impose appropriate sanctions, including payment of reasonable expenses and attorney's fees caused by the failure to timely disclose experts. *See* FED. R. CIV. P. 37(c)(1). Plaintiffs's Motion seeks an award of all attorneys' fees associated with the filing of their Motion and Reply brief. (Mot. at 12). Defendants appear to argue that sanctions are not appropriate because Plaintiffs also made late disclosures. (*See* Resp. at 7-8). However, one party's failure to comply with the expert disclosure requirements does not excuse noncompliance by another party. *See Smith v. State Farm Fire and Casualty Co.*, 164 F.R.D. 49, 54 (S.D. W. Va. 1995) (rejecting argument that experts' reports should be satisfactory because reports of other party's experts were similarly conclusory). Defendants have had the opportunity to file a motion contesting the timeliness of Plaintiffs' disclosures and have not done

so. Therefore, the Court will order Defendants' counsel to pay the reasonable expenses and attorney fees Plaintiffs incurred in preparing the Motion to Strike and their Reply. (*See* Resp. at 5 (Defendants' counsel request that any sanctions be entered against defense counsel and not Defendants)). FED. R. CIV. P. 37(c)(1) allows for the Court to require "payment of reasonable expenses, including attorney's fees." Plaintiffs' counsel shall file an affidavit with sufficient information to allow the Court to evaluate the reasonableness of the attorney fees requested by Plaintiffs. *See White v. General Motors Corp.*, 908 F.2d 675, 684 (10th Cir. 1990) (plain language of Rule 11, "reasonable expenses . . . including reasonable attorney's fee," requires that the court independently analyze the reasonableness of the requested fees and expenses).

Finally, Defendants move the Court for an extension of the September 2004 expert witness disclosure deadline. (Resp. at 5). Extending the deadline would either prejudice Plaintiffs, because discovery has closed, or delay the final determination of this case. (*See* Rev. Initial Pretrial Report at 7 (discovery shall not be reopened, except by an order of the Court upon a showing of good cause)). The Court will deny Defendants' motion to extend the expert disclosure deadline.

**IT IS SO ORDERED.**

_____
**BRUCE D. BLACK**
**UNITED STATES DISTRICT JUDGE**