IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT L. WALTRIP, JR., *et al.*,

     Plaintiffs,

vs.  No. CIV-03-1245 BB/WDS

ASSOCIATION OF MUTUAL PROTECTION AND
MUTUAL BENEFIT OF THE COMMUNITY OF
CERRO DE GUADALUPE, *et al.*,

     Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion For Summary Judgment and Supporting Authorities – Abandonment and Loss of Water Rights by Non-Use (Doc. No. 127, filed January 10, 2005). The Court has reviewed the submissions of the parties and the relevant law. For the reasons set forth below, the Court shall **DENY** Defendants' Motion.

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). When applying this standard, a court must view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Serv.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Once the movant carries this burden, the nonmovant cannot rest upon his or her pleadings, but must bring forward

specific facts showing a genuine issue for trial as to those dispositive matters for which he or she carries the burden of proof. *Id.* A mere scintilla of evidence supporting the nonmoving party's theory does not create a genuine issue of material fact. *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1175 (10th Cir. 1999). Instead, the nonmoving party must present facts such that under the applicable law, a reasonable jury could find in its favor. *Id.*

Defendants contend that Plaintiffs have lost their water rights through non-use, and therefore have no property interest upon which to base their federal claims. (Mot. at 17). According to Defendants, Plaintiffs did not place water to beneficial use in the 19 years between 1980-1999 and thereby abandoned their water rights. (Reply at 1). The doctrine of abandonment requires both non-use and intention to abandon. *Reynolds v. South Springs Co.*, 80 N.M. 144, 146-148, 452 P.2d 478, 480-4822 (1969). Defendants argue that Plaintiffs' failure to put water to beneficial use for 19 years is evidence that Plaintiffs intended to abandon their water rights. *See Id.* (failure to use a water right for an unreasonable time is evidence of the intention to abandon it) (quoting *North American Exploration Co. v. Adams*, 104 F. 404, 405 (8th Cir. 1900)(abandonment may be inferred from acts or failures to act so inconsistent with an intention to retain the right that the unprejudiced mind is convinced of the renunciation).

Clear and convincing evidence of non-use of water for an unreasonable period may raise a rebuttable presumption of an intent to abandon a water right and thereby shift the burden to the water right claimant to show excuse for non-use. *United States v. Abousleman*, Civ 83-1041 (D.N.M. February 7, 1994)(interpreting *Reynolds v. South Springs Co.*, 80 N.M. 114, 452 P.2d 478 (1969)). To rebut the presumption of abandonment arising from such long period of non-use, mere expressions of desire or hope or intent are insufficient and some fact or condition excusing such long non-use is

2

necessary.  *Reynolds v. South Springs Co.*, 80 N.M. 114, 452 P.2d 478 (1969)(quoting *Mason v. Hills Land & Cattle Co.*, 119 Colo. 404, 204 P.2d 153 (1949)).  Defendants contend that Plaintiffs do not establish facts or conditions that excuse the period of non-use.  (Reply at 4).

Plaintiffs set forth several facts to support their position that they never intended to abandon their water rights and that they had reasons for non-use. (Resp. at 28-26).  In 1981, Plaintiffs filed an application to transfer the water rights to a well in response to Defendants' suggestion that the water dispute could be settled if the rights were used from a well instead of the ditch.  (*Id.* at 32).  The application was pending before the State Engineer until 1984 when Plaintiffs withdrew the application on the basis of adverse hydrological conditions.  (*Id.*).  Plaintiff R. Waltrip delayed using the water for a few years after being threatened by one of the Defendants in 1984.  (*Id.* at 33).  In 1987, Plaintiffs attempted to work with one of the Defendants on the water rights issue, but nothing definitive was decided.  (*Id.*).  In 1995, Plaintiffs again met with Defendants to resolve the issues concerning the water system and access.  (*Id.*).  Because Plaintiffs and Defendants could not come to agreement on Plaintiffs' use of their water rights, Plaintiffs attempted, unsuccessfully, to sell their water rights.  (*Id.* at 34).  In 1996, Plaintiffs began preparing a 71.5 acre tract for irrigation by clearing trees and tons of rock, a process that took more than four years.  (*Id.*).  In 1998, Plaintiffs retained a water rights attorney to help sustain their water rights position.  (*Id.*).  In 1999, Plaintiffs applied for extensions of time to put water to beneficial use for the years 1984-1999.  (*Id.*).  The State Engineer's office approved the extensions and characterized the legal issues brought on by Defendants against Plaintiffs as causing an unavoidable delay to the Plaintiffs putting their water to beneficial use.  (*Id.*).  In 2003, after Plaintiffs' employee opened the headgate to the tract to be irrigated, Defendants issued a citation to the employee for taking water illegally and contacted the

3

Taos County Deputy District Attorney, who instructed Plaintiffs not to make further diversion from the ditch.  (*Id*. at 35).  Plaintiffs support their stated facts with an affidavit and exhibits from Plaintiff Robert L. Waltrip, Jr.  (*See* Aff. of Robert L. Waltrip, Jr. in Support of Pls.' Resps. in Opp'n to Defs.' Mot. for Summ. J. and Supporting Authorities – Abandonment and Loss of Water Rights by Non-Use, Doc. No. 163, filed February 7, 2005).

Defendants dispute many of the facts set forth in Plaintiffs' Response and in Plaintiff Waltrip's Affidavit.  (*Id*. at 33).  (Reply (to Resp.); Reply to Waltrip Aff., Doc. No. 185, filed February 22, 2005).  Defendants claim that Plaintiffs' statements in the Response and the Waltrip Affidavit are inconsistent, incomplete, incorrect, misrepresentations or are made without personal knowledge of the stated facts.  (*Id*.).  Defendants also present arguments, supported by affidavits, to persuade the Court to accept Defendants' version of the facts over Plaintiffs' version.  None of these establish clear uncontroverted facts.

On a motion for summary judgment, the Court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986).  Nor can the Court evaluate credibility.  *See Nat'l American Ins. v. American Re-Insurance*, 358 F.3d 736, 742 (10th Cir. 2004).  Summary judgment is not suitable for any case which raises real issues of credibility, motive, or intent.  *Baum v. Gillman*, 648 F.2d 1292, 1295-1296 (10th Cir. 1981).  Credibility disputes are particularly inappropriate for summary judgment disposition, especially those involving the affidavit of an interested party concerning facts known only to him.  *Jaxon v. Circle K Corp.*, 773 F.2d 1138, n.2 (10th Cir. 1985); *Seamons v. Snow*, 206 F.3d 1021, 1028 (10th Cir. 2000) (granting of summary judgment is especially questionable in cases which involve delving into the state of mind of a party).

4

The Motion before the Court raises the issues of whether Plaintiffs intended to abandon their water rights and whether they had reasons to excuse their non-use of water. Granting the Motion would require that the Court determine Plaintiffs' intent, evaluate the credibility of both Plaintiffs and Defendants, and weigh the evidence. The Court finds that there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[1]  *See Anderson v. Liberty Lobby*, 477 U.S. 242, 250 (1986). Therefore, the Court shall deny Defendants' Motion.

**IT IS SO ORDERED.**

                                                                       *(signature)*
                                                                       **BRUCE D. BLACK**
                                                                       **UNITED STATES DISTRICT JUDGE**

---

[1] In making this finding, the Court did not consider or rely on the affidavit of Thomas C. Turney, P.E., which was attached as Exhibit 1 to Plaintiffs' Response.