**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ROBERT L. WALTRIP, JR., *et al.*,

      Plaintiffs,

vs.                                                   No. CIV-03-1245 BB/WDS

ASSOCIATION OF MUTUAL PROTECTION AND
MUTUAL BENEFIT OF THE COMMUNITY OF
CERRO DE GUADALUPE, *et al.*,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion For Summary Judgment and Supporting Authorities – Limitations and Laches (Doc. No. 105, filed November 22, 2004). The Court has reviewed the submissions of the parties and the relevant law. For the reasons set forth below, the Court shall **DENY** Defendants' Motion.

Defendants seek dismissal of Plaintiffs' federal civil rights claims as barred by the statute of limitations. The limitation period runs from the date a claim accrues. Federal law determines when federal claims accrue. *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993). A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Id.*; *Industrial Contractors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994) (statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action). The length of a statute of limitations period is governed by state law. *Baker*, 991 F.2d at 632-633. In New Mexico, the statute of limitations for § 1983 claims is three years. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985).

This case is a civil rights proceeding pursuant to 42 U.S.C. § 1983 in which Plaintiffs allege, among other things, that Defendants have deprived Plaintiffs of their property rights. (Compl. ¶¶ 91-92). In 1979 Plaintiffs purchased a tract of land and the associated water rights ("Martinez tract" and "Martinez water rights"). (*Id*. ¶ 32). The Martinez tract was irrigated using the Martinez water rights via Cerro Ditch. (*Id*.). Plaintiffs then obtained a permit from the State Engineer to change the place of use of the Martinez water rights from the Martinez tract to Plaintiffs' ranch located upstream from the Martinez tract. (*Id*. ¶ 43). The main canal of Cerro Ditch runs through Plaintiffs' ranch. (*Id*. ¶ 30). Defendants are the Cerro Ditch Association and the officers of the Association. Plaintiffs allege that Defendants have deprived Plaintiffs of their water rights by denying Plaintiffs use of their water rights via Cerro Ditch.

Defendants seek dismissal of Plaintiffs' federal civil rights claims as barred by the statute of limitations. Defendants claim that Plaintiffs knew as early as 1979, and certainly before May 1984, that they would not be allowed to use Cerro Ditch to convey their water rights to their ranch. (Mot. at 20-21). To support their claim, Defendants cite several instances during the 1979-1984 time period where various people informed Plaintiffs of the Association's position. (Mot. at 20-21). The Association opposed Plaintiffs' use of the Martinez water rights on Plaintiffs' ranch and would not allow Plaintiffs to use Cerro Ditch. (*Id*.). Defendants conclude that the federal claims in Plaintiffs' Complaint, which was filed on October 29, 2003, are barred by the statute of limitations.

Plaintiffs respond that their civil rights claims did not accrue until 2003 and thus are not barred by the three-year statute of limitations. (Resp. at 12). In September 2000, Plaintiffs installed a headgate on Cerro Ditch and diverted water for less than one day to make sure that their ditch was the proper size to convey the water diverted from Cerro Ditch. (Mot., Ex. 3 at 134-136). Plaintiffs

did not divert water from Cerro Ditch again until 2003. (*Id.*). In June 2003, Defendants issued a fine to Plaintiffs' employee for illegally taking water from Cerro Ditch. (Resp. at 6-7). Defendants also contacted a Taos County Deputy District Attorney who instructed Plaintiffs' employee not to make further diversions from Cerro Ditch. (*Id.*). Plaintiffs contend that they suffered no injury until 2003 when Defendants actually prevented Plaintiffs from using their water rights.

Defendants failed to meet their initial burden of demonstrating the absence of a genuine issue of material fact as to when Plaintiffs claims accrued. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Although one of the Defendants indicated in March 1979, and again in 1983 and 1987, that the Cerro Ditch Association did not want Plaintiffs to use the ditch, (Mot. at 4-8, Facts g, v, ii), the Association explained to Plaintiffs' attorney that a decision to let Plaintiffs use the ditch is up to the Association and a majority of its members, not individual members, (Mot. at 4, Fact h).

Defendants also state that in June 1979, Jaime Chavez sent Plaintiffs a letter indicating that members of the Ditch Association who are ditch owners would not consent to Plaintiffs' use of the ditch outside the Association's boundaries and should Plaintiffs transfer their water rights out of the Association limits, their membership would automatically be canceled. (Mot. at 5, Fact l). That letter indicates that Jaime Chavez is a "Legal Assistant." (Mot., Ex. 10). The fact that his letter was sent to Plaintiffs prior to Plaintiffs purchasing the Martinez tract and water rights, (Mot. at 5, Facts l and n), coupled with the fact that the Ditch bylaws may be amended (*See* Mot. at 6, Fact u), casts doubt on whether his letter represents a final decision by the Association. *See SK Finance SA v. La Plata County Bd. of County Commissioners*, 126 F.3d 1272, 1276 (10th Cir. 1997) (regulatory taking not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application).

3

Plaintiffs state that the Association never notified Plaintiffs that their membership had been canceled, and that the Association did not take formal action to cancel Plaintiffs' membership until June 2003. (Resp. at 4, Fact 6). *See Baker*, 991 F.2d at 632. (10th Cir. 1993)(medical school applicant's civil rights cause of action accrued after he received a letter with a flat denial of admission, was not placed on a waiting list, and was advised that he had been rejected because he had done poorly in his interview); *Delaware State College v. Ricks*, 449 U.S. 250, 262 (1980) (statute of limitations began to run when college board of trustees notified, by letter, non-tenured professor that he would be offered a one-year "terminal" contract). There is a factual issue on whether Plaintiffs' cause of action accrued in 2003 when they attempted to use their water rights and were denied by Defendants. *See City of Thornton v. Bijou Irr. Co.*, 926 P.2d 1 (Colo. 1996) (whether certain acts provide sufficient notice of assertion of water claim is a factual inquiry); *Northern California Power Co. v. Flood*, 199 P. 315 (Cal. 1921) (same).

In addition to their property deprivation claim, Plaintiffs have alleged other constitutional violations related to substantive and procedural due process rights, and equal protection. (*See* Complaint ¶¶ 86-96). Determining when Plaintiffs' claims accrued requires the Court "to identify the constitutional violation[s] and locate [them] in time." *See Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998). Defendants argue that Plaintiffs' claims accrued in 1979-1984, when Defendants informed Plaintiffs that Plaintiffs would not be allowed to use Cerro Ditch to convey their water rights to their ranch. (Mot. at 26; Reply at 10). However, it is not clear to the Court that all of Plaintiffs' claims necessarily accrued at the same time.

Plaintiffs argue that Defendants violated the Equal Protection Clause of the Fourteenth Amendment by intentionally treating Plaintiffs differently from other members of Cerro Ditch.

(Compl.¶ 93).  *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)(Supreme Court has recognized successful equal protection claims brought by a "class of one," where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment); *Bartell v. Aurora Pub. Schools*, 263 F.3d 1143, 1149 (10th Cir. 2001)(equal protection clause protects an individual injured by intentional or purposeful discrimination).  Comparison of Defendants' treatment of Plaintiffs with that of the other members of Cerro Ditch lies at the heart of Plaintiffs' equal protection claim.  Therefore, Plaintiffs' equal protection claim did not necessarily accrue in 1979 when Defendants informed Plaintiffs of Defendants' opposition to Plaintiffs' use of their water rights via Cerro Ditch.  It may have accrued at some later time when Plaintiffs learned, or should have learned, that Defendants were arbitrarily treating Plaintiffs differently than other member of Cerro Ditch.  *See Fratus v. Deland*, 49 F.3d 673, 676 (10th Cir. 1995) (prisoner's equal protection claim may have accrued at some later date when prisoner learned, or should have learned, that the prison arbitrarily charged him more than other prisoners for similar damage).  Defendants' Motion does not set forth any facts relating to when Plaintiffs should have known that Defendants discriminated against Plaintiffs.  Therefore, the Court shall deny the Motion as to Plaintiffs' equal protection claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact).

     Plaintiffs also argue that Defendants violated their substantive and procedural due process rights in depriving Plaintiffs of their property rights.  (Compl. ¶¶ 91-92).  Procedural due process ensures that a state will not deprive a person of life, liberty or property unless fair procedures are used in making that decision; substantive due process guarantees that the state will not deprive a person

of those rights for an arbitrary reason regardless of how fair the procedures are that are used in making the decision. *Mitchell v. City of Moore*, 218 F.3d 1190, 1198 (10th Cir. 2000). Plaintiffs' due process claims apparently accrued some time after being informed of the Association's position in 1979-1984. *See Industrial Contractors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994) (a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence). However, again, Defendants' Motion does not discuss when Plaintiffs' substantive and procedural due process claims accrued. The Court is not obligated to comb the record in order to make Defendants' arguments for them. *See Mitchell v. City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000). Doing so would not only consume an inordinate amount of time, but would result in the Court abandoning its neutrality and becoming an advocate in the adversarial process. *See Id*. Without a factual predicate, the Court must deny the Motion as to Plaintiffs' substantive and due process claims.

Defendants assert that Plaintiffs' claims are barred by the doctrine of laches. To sustain a laches defense, a defendant must prove: (1) full knowledge of the facts; (2) unreasonable delay in the assertion of an available remedy; and (3) intervening reliance by and prejudice to another. *Herald Co. v. Seawell*, 472 F.2d 1081, 1099 (10th Cir. 1972). In deciding whether a defense of laches may apply, "[t]he essential question to be determined is whether the assertion of the plaintiffs' cause has, through lapse of time considered with the circumstances and nature of the alleged cause, become unconscionable and, if allowed to prevail, would constitute an injustice to defendants." *Hunt v. Pick*, 240 F.2d 782, 785 (10th Cir. 1957).

Under New Mexico law, laches may preclude a plaintiff's claim even if the claim has been asserted within the statute of limitations. *Anaya v. City of Santa Fe*, 80 N.M. 54, 56, 451 P.2d 303,

305 (1969). However, "[l]aches is an equitable defense that ordinarily is not applied to actions at law, where the statute of limitations governs the time limit of filing suit." *Standard Oil Co. of Cal. v. United States*, 685 F.2d 1322, 1333 (Ct. Cl. 1982); *Patton v. Bearden*, 8 F.3d 343, 348 (6th Cir. 1993). When a suit is brought with the time fixed by the statute of limitations, the burden is on the defendant to show that extraordinary circumstances exist which require the application of the doctrine of laches. *Shell v. Strong*, 151 F.2d 909, 911 (10th Cir. 1945); *Patton v. Bearden*, 8 F.3d 343, 348 (6th Cir. 1993) (on occasion, the doctrine is applied to bar a stale claim prior to the statute of limitations; but it should only be applied in such cases when there is a gross laches in the prosecution of the claim).

Defendants argue that Plaintiffs' delay of 15 or more years in bringing suit is unreasonable. *See Wanlass v. General Electric Co.*, 148 F.3d 1334, 1338 (Fed. Cir. 1998) (a delay of more than six years raises a presumption that it is unreasonable, inexcusable, and prejudicial). In their Response, Plaintiffs argue, and support with facts, that prior to 2003, they had suffered no injury, and, therefore, they had no standing to bring suit and their claims were not ripe. (Resp. at 15-17). Defendants do not address the issues of standing or ripeness in their Reply. *See Wanlass v. General Electric Co.*, 148 F.3d 1334, 1338 (Fed. Cir. 1998) (when raising the laches defense in the summary judgment context, the defendant must establish that there was no genuine issue of material fact about the delay or the prejudice). The Court finds Plaintiffs' argument and facts sufficient to raise a genuine issue about the excuse for or reasonableness of the delay in bringing suit.

Defendants also argue that they are prejudiced by Plaintiffs' delay in filing this suit. The prejudice in defending this case arises from faded memories, ditch officers and members that are no longer available to testify because they are deceased, and association records that "to the extent they

still exist, are generally poorly maintained, often incomplete, and may not provide an accurate picture of events that occurred so long ago." (*See* Mot., Affidavit of Defendant Gilbert Segura).  The Court will not, on a motion for summary judgment, attribute the cause of such prejudice to Plaintiffs where Defendants failed to maintain their own records.  *See* N.M. Stat. Ann. § 73-2-21 (1981) (all proceedings of the ditch commissioners relating to all subjects whatsoever shall be reduced to writing in a book or books kept for that purpose, and all books and papers so kept . . . and all reports made, filed or kept as herein required shall always be and remain public property, and shall be subject to the inspection of all persons therein concerned).

Finally, the Court is reluctant to grant summary judgment that laches bars Plaintiffs' claims when there is no clear factual record as to when Plaintiffs' claims accrued.  Therefore, Defendants' Motion for summary judgment that Plaintiffs' claims are barred by laches shall be denied.

**IT IS SO ORDERED.**

*/s/ Bruce D. Black*
**BRUCE D. BLACK**
**UNITED STATES DISTRICT JUDGE**